## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 18-11494 |
| EDUCATION MANAGEMENT II, LLC, *et al.*[1] | ) | |
| | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, OVERVIEW OF METHODOLOGY AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES AND SOFAS

Education Management II, LLC (the "Company") and its affiliated debtors and debtors in possession (collectively, "Debtors") hereby file their respective Schedules of Assets and Liabilities ("Schedules") and Statements of Financial Affairs ("SOFAs") in accordance with section 521 of title 11 of the United States Code ("Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

### Background

A.       Through organic growth and acquisitions, the Company and its affiliated entities became among the largest providers of postsecondary education in North America, operating 110 primary locations across 32 U.S. states and in Canada.  The Company and its affiliated entities' schools were organized into four separate education systems: The Art Institutes; South University; Argosy University; and Brown Mackie Colleges.

B.       Each of the schools located in the United States was recognized by accreditation agencies and by the U.S. Department of Education, enabling students to access federal student loans, grants and other forms of public and private financial aid.

C.       The Company and its affiliates experienced deteriorating results from operations over the last several fiscal years due to the stagnant U.S. economy, the substantial decrease in the availability of private lending sources to fund tuition and fees, the loss of federal and state support for student financial aid, the impact of adverse publicity related to the for profit education industry, student concerns about incurring debt to fund their education, the impact of new regulations, and inability to increase tuition rates, among other factors.  The number of students attending the Company and its affiliated entities' post-secondary institutions contracted

---

[1] Debtors anticipate that the trustee appointed in these chapter 7 cases will seek joint administration of all cases under the Education Management II LLC case.  As a result, Debtors are not separately listing each debtor and case number on this caption.  A listing of all debtors in these cases, and the last four digits of their respective federal tax identification numbers, is attached as Exhibit A to these Global Notes.

from 158,300 students to 112,400 students and net revenues decreased from $2,887.6 million to $1,936.5 million in four years.

D.     In November 2015, the Company entered into settlement agreements with (i) the U.S. Department of Justice, 12 state attorneys general, the District of Columbia and relators resolving four cases filed under federal and state False Claims Acts, and (ii) 39 state attorney generals and the District of Columbia to end state-level investigations into recruiting practices (the "2015 Settlements"). The 2015 Settlements required the Company to pay $95.5 million and forgive approximately $100 million of loans to certain students who attended the Company's institutions between January 1, 2006 and December 31, 2014.

E.     As a result of the 2015 Settlements and continued worsening operating results, the Company undertook a substantial restructuring of its business, starting in late 2015 and early 2016, which included the teach-out[2] of a substantial number of lower performing school locations.  The teach-outs included 19 of the 51 Art Institute locations, 22 of the 26 Brown Mackie College locations and one Argosy University campus.  The Company spent significant sums to teach-out these school locations, including the payment of obligations that otherwise would not have been funded, with the final school teach-outs completed in December 2017.

F.     The Company also engaged an investment advisor to pursue the sale of the school locations that were not being taught-out.  The Company pursued a number of transaction opportunities to maximize the value of its remaining assets and consummated the following sale transactions:

(i)     On July 1, 2016, the Company sold The Connecting Link II, LLC ("The Connecting Link") to Triad Learning Systems, LLC and Taylor Study Method, LLC for the payment to the Company of $1.7 million.

(ii)    In January 2017, the Company and/or its affiliates sold assets associated with the Brown Mackie College campuses located in Bettendorf, Iowa; Hopkinsville, Kentucky; and North Canton, Ohio to Ross Education, LLC ("Ross Education") and paid Ross Education $2.0 million in connection with the sale. The purchase price was subject to a final net working capital adjustment, which resulted in an additional amount of $0.1 million due to Ross Education.

(iii)   On January 31, 2017, the Company sold equity interests in The Art Institute of Vancouver to College LaSalle International Inc. and 1092880 B.C. LTD. (the "AiV Purchasers") for the payment to the Company of $16.0 million, with $2.0 million of the purchase price paid to an escrow established for potential claims by the AiV Purchasers. The purchase price was subject to a post-closing adjustment to the extent working capital at The Art Institute of Vancouver on the closing date was greater than or less than negative $2.3 million, which resulted in $0.5 million due to the AiV Purchasers.

---

[2] By "teach out", Debtors mean that they stopped accepting new students but worked with all existing students to complete their degrees.

(iv)  On January 18, 2017, the Company and certain of its subsidiaries entered into an Asset Purchase Agreement (the "DCF Purchase Agreement") with Dream Center Foundation ("DCF"), a not for profit entity, and certain of its newly formed subsidiaries (collectively with DCF, the "DCF Buyers") for the sale of substantially all of the Company's remaining school locations, specifically South University, Argosy University (including one campus being taught-out), and all of the "core" Art Institutes school locations (other than The Art Institute of Vancouver) which were not being taught-out.  The DCF Purchase Agreement was amended and restated on February 24, 2017 and further amended on July 20, 2017 and October 13, 2017.  Under the final terms of the DCF Purchase Agreement: (a) There were two closing dates due to a delay in the receipt of regulatory approvals for institutions accredited by The Higher Learning Commission (four locations) and Middle States Commission on Higher Education (two locations including the fully online programs offered by The Art Institute of Pittsburgh), with the first closing occurring on October 17, 2017 and the second closing occurring on January 19, 2018.

G.  Pursuant to a Transition Services Agreement executed in connection with the DCF transaction, the DCF Buyers took possession and control of substantially all of the Company and its' affiliates books and records and agreed to provide certain administrative services to the Company and its affiliates as they wound down business affairs.

H.  Since late 2017, the Company and its remaining employees, with the assistance of counsel and advisors and relying upon administrative services provided by the DCF Buyers, have worked to, among other things: (i) complete audits required by the United States Department of Education and state regulators and accrediting agencies; (ii) file tax returns; (iii) manage ongoing litigation; (iv) communicate with creditors; (v) explore wind-down options; and (vi) prepare the filing of these chapter 7 cases, including the Schedules and SOFAs.

I.  Frank Jalufka, who served as CEO of Education Management Corporation and President of each of its subsidiaries since December 2017, has signed each set of Schedules and SOFAs.  Nearly all of the source documents for the information contained in the Schedules and SOFAs have been and continue to be in the possession of the DCF Buyers.  The DCF Buyers have provided information necessary for the completion of the Schedules and SOFAs as requested by the Company under the Transition Services Agreement.  In signing the Schedules and SOFAs, Mr. Jalufka is attesting to the process used by Debtors' remaining personnel and professionals in gathering and presenting data in the Schedules and SOFAs. Mr. Jalufka has not (and could not have) verified the completeness or accuracy of the financial data derived from Debtors' books and records in the possession of the DCF Buyers, including responses, statements and representations concerning assets and liabilities of Debtors presented in the Schedules and SOFAs.

J.  Mr. Jalufka, Debtors and their respective agents, employees, attorneys and advisors involved in the compilation and preparation of the Schedules and SOFAs ("Compilers") do not guarantee or warrant the accuracy or completeness of the data, responses, statements, and representations that are provided in the Schedules and SOFAs, and none of the foregoing shall be

liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained in the Schedules and SOFAs. While commercially reasonable efforts have been made to provide accurate and complete information in the Schedules and Statements, inadvertent errors or omissions may exist. The Compilers expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and SOFAs, or to notify any third party should the information be updated, modified, revised, or re-categorized. In no event will the Compilers be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Compilers are advised of the possibility of such damages.

K.      In light of the foregoing, the Schedules and SOFAs are limited and must be read in connection with, and informed by, the following Global Notes and Statement of Limitations, Overview of Methodology and Disclaimers Regarding Debtors' Schedules and SOFAs ("Global Notes"), which are incorporated by reference in, and comprise an integral part of, the Schedules and SOFAs.

## Global Notes and Statement of Limitations

1.      **Joint Administration**. Because of the overlapping issues and creditors in Debtors' chapter 7 cases, Debtors expect that the trustee appointed in these chapter 7 cases will seek joint administration of Debtors' chapter 7 cases. Notwithstanding the expected joint administration of the chapter 7 cases for procedural purposes, each Debtor has filed its own Schedules and SOFA. The Compilers have endeavored to present information in the Schedules and SOFAs as of the Petition Date but has not been able to do so consistently throughout. The Compilers have endeavored to note those circumstances where information is not as of the Petition Date.

2.      **Global Notes Control**. These Global Notes pertain to and comprise an integral part of all of the Schedules and SOFAs and should be referenced in connection with any review thereof. In the event that the Schedules and SOFAs differ from these Global Notes, the Global Notes control.

3.      **Reservations and Limitations**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and SOFAs; however, as noted above, inadvertent errors or omissions may exist. Debtors reserve all rights to amend or supplement the Schedules and SOFAs as is necessary and appropriate. Nothing contained in the Schedules and SOFAs constitutes a waiver of any of Debtors' rights or an admission of any kind with respect to the chapter 7 cases or otherwise, including, but not limited to, any rights or claims of Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

4.      **No Admission**. Nothing contained in the Schedules and SOFAs is intended or should be construed as an admission or stipulation of the validity of any claim against Debtors, any assertion made therein or herein, or a waiver of Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

5.      **Recharacterization**. Notwithstanding that Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and SOFAs, Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. Debtors thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and SOFAs at a later time as is necessary and appropriate.

6.      **Classifications**. Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E as "priority," (iii) a claim on Schedule F as "unsecured," or (iv) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by Debtors of the legal rights of the claimant, or a waiver of Debtors' right to recharacterize or reclassify such claim or contract.

7.      **Claims Description**. Due to the circumstances surrounding the filing of the chapter 7 cases, Debtors have been unable to verify the validity and amounts of many creditors' claims, or the creditor claims reflected in the Debtors' books do not include unprocessed claims, either because processing of invoices was not completed or the Debtors had yet to receive invoices for goods and services. As a result, Debtors have labeled many claims as disputed, liquidated and/or contingent on the Schedules. Any failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the debtor that such amount is not "disputed," "contingent," or "unliquidated." Debtors reserve all rights to dispute, or assert offsets or defenses to, any claim ("Claim") reflected on their respective Schedules on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Moreover, listing a Claim does not constitute an admission of liability by a debtor against which the Claim is listed or by any of Debtors. Debtors reserve all rights to amend their Schedules and SOFAs as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

8.      **Estimates and Assumptions**. The preparation of the Schedules and SOFAs required Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and SOFAs, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ from those estimates.

9.      **Causes of Action**. Despite reasonable efforts, Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and SOFAs, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. Debtors reserve all rights with respect to any causes of action,

and nothing in these Global Notes or the Schedules and SOFAs should be construed as a waiver of any such causes of action.

10.    **Insiders**. Where the Schedules and Statements require information regarding "insiders," Debtors have included information with respect to individuals who served as officers and directors (or the equivalent), as the case may be, during relevant time periods. Such individuals no longer serve as an officer or director of Debtors.  The listing of a party as an insider for purposes of the Schedules and SOFAs is not intended to be, nor should it be, construed as a legal characterization of such party as an insider and does not act as an admission of any fact, right, claim, or defense, and all such rights, claims and defenses are hereby expressly reserved.  Information regarding the individuals listed as "insiders" in the Schedules and SOFAs has been included for informational purposes only and such information may not be used for the purposes of determining control of Debtors, the extent to which any individual exercised management responsibilities or functions, corporate decision-making authority over Debtors, or whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or any other purpose.

## Overview of Methodology and Disclaimers

1.    **Basis of Presentation**. For financial reporting purposes, Debtors and their affiliates prepare consolidated financial statements that are audited annually. Unlike the consolidated financial statements, these Schedules and SOFAs reflect the separate assets and liabilities of each individual debtor. These Schedules and SOFAs do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP").  The Schedules and SOFAs contain unaudited information that is subject to further review and potential adjustment.  The Schedules and SOFAs reflect the Compilers' reasonable efforts to report the assets and liabilities of each debtor on an unconsolidated basis.

2.    **Undetermined Amounts**.  The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

3.    **Totals**.  All totals that are included in the Schedules and SOFAs represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

4.    **Intercompany Transactions**. As with most corporate enterprises of significant size and complexity, Debtors operated a consolidated cash management system prior to the Petition Date, which resulted in intercompany accounts payable and accounts receivable. However, Debtors historically reported all financials on a consolidated basis.  Intercompany payables and receivables were historically "trued up" at the end of each fiscal year to account for and allocate administrative and enterprise expenses to the proper party, but due to the consolidated reporting structure and the several hundred million in intercompany and intracompany transfers during any given year, that "true-up" could be materially misstated in any given year.  Debtors have not done a "true up" since the fiscal year ending June 30, 2017 and do not have the resources to separate out intercompany obligations from the consolidated reporting

structure at this time.  As a result, Debtors' schedules do not list intercompany payables and receivables.  Regardless of the foregoing, Debtors do not believe that any intercompany obligations have any realizable value.

5.      **Setoffs**. Debtors routinely incur setoffs and net payments in the ordinary course of business. Such setoffs and nettings may occur due to a variety of transactions or disputes, including but not limited to, intercompany transactions, rebates, returns, refunds, negotiations, or application of prepayments or deposits. It would be unduly burdensome on Debtors' limited resources to list each such potential transaction, and all such potential setoff claims cannot be reasonably discerned at this time. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Schedules and SOFAs. In addition, some amounts listed in the Schedules and SOFAs may have been affected by setoffs or nettings by third parties of which Debtors were not aware. Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

## Specific Schedules Disclosures

1.      **Schedule A/B, Question 3.**   Historically, Debtors and their affiliates maintained more than four hundred bank accounts, the majority of which were zero balance deposit accounts that were swept daily into concentration accounts.  Debtors, with assistance from treasury services of the DCF Buyers, have worked over the last several months to close all but a handful of those accounts.  Debtors believe that they have disclosed all remaining open accounts in response to question 3 on the respective Schedules.  However, certain accounts may still be open for which Debtors lack knowledge.

2.      **Schedule A/B, Questions 6, 7 and 8.**   Debtors historically made prepayments in the ordinary course of business for utilities, taxes, rent, and other ordinary course supplies. Despite reasonable diligence, Debtors have been unable to identify any prepayments or deposits that remain unapplied.  Further, in the weeks leading up to the filing of these cases, Debtors made several deposits and/or prepayments for professional services.  Debtors have not disclosed those prepayments or deposits in response to questions 6 through 8 on the Schedules because those prepayments and deposits will be disclosed in the SOFAs or other Court pleadings.

3.      **Schedule A/B, Questions 10-12.**  As discussed above, Debtors have not trued up intercompany accounts payable/receivable since the fiscal year ending June 30, 2017.  As a result, and because Debtors believe that any such intercompany accounts receivable have no realizable value, Debtors have not listed any accounts receivable in response to questions 10 through 12 on the Schedules.

4.      **Schedule D – Creditors Holding Secured Claims**.  Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights. Except as otherwise agreed with a party asserting a secured claim or pursuant to an order of the Bankruptcy Court, Debtors reserve the right to dispute or challenge the validity, perfection or priority of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D. The descriptions provided on Schedule D are intended only as a summary.  Reference to the applicable loan agreements and related documents is

necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in any Schedule D shall be deemed a modification, interpretation, or waiver of the terms of any such agreements.

5.      **Schedule E – Creditors Holding Unsecured Priority Claims**. Debtors believe that they have paid all employee claims and all claims of taxing authorities through December 2017. Debtors have attempted to schedule the claims of taxing authorities of which they are aware, but there may be tax claims arising prior to the Petition Date which have not yet been assessed or payable by Debtors.

6.      **Schedule F – Creditors Holding Unsecured Nonpriority Claims**. As of the time of filing of the Schedules and SOFAs, Debtors may not have received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained in Schedule F may be incomplete. The Debtors reserve their rights, but undertake no obligations, to amend Schedule F if and as they receive invoices and as more information is received. Further, Debtors have scheduled landlord claims in the amounts allowable under 11 U.S.C. § 502(b)(6), calculated from the date that a respective debtor surrendered possession of the leased premises.

7.      **Schedule G – Executory Contracts**. While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.

## Specific SOFAs Disclosures

1.      **Questions 1 and 2.** Debtors generally report income on a consolidated basis. As a result, gross income reported in response to question 1 on the SOFAs may be materially misstated.

2.      **Question 3**. Prior to the Petition Date, Debtors maintained a centralized cash management system through which the Company and certain other "paymaster" entities made payments on behalf of subsidiaries. Consequently, all payments to creditors and insiders listed in response to Questions 3b and 3c on each of the SOFAs likely reflect transfers made by the Company or another paymaster entity for the benefit of a respective Debtor. Debtors have attempted to tie each transfer to the respective Debtor on whose account it was made but do not warrant or guarantee the accuracy of such listings.

3.      **Question 4.** In response to question 4 on the SOFAs, Debtors restate and incorporate by reference the disclaimer listed under paragraph 10 of the Global Notes and Statement of Limitations above.

4.      **Question 5.** On June 25, 2018, at the request of US Bank National Association (the "Agent") as Administrative Agent for the "Lenders" and Collateral Agent for the "Secured Parties" (each as defined in a Credit and Guaranty Agreement and a Pledge and Security

Agreement, each dated as of January 5, 2015 and as each have been amended from time to time), the Company, Education Management Corporation ("Parent"), Education Management Holdings II, LLC ("Holdings"), and certain debtor and non-debtor subsidiaries of Holdings (together with Company, Parent, and Holdings, the "Credit Parties") entered into a Surrender of Collateral, Consent to Partial Strict Foreclosure, and Release Agreement (UCC 9-620) (the "PSFA"), pursuant to which the Credit Parties surrendered to  Agent peaceful possession, right, title and interest in and to certain "Surrendered Collateral", defined and described in Exhibit 1 to the PSFA. The Exhibit defining and describing the Surrendered Collateral is attached to the SOFAs as schedule 2.5.

5.      **Question 7.**  Debtors have listed all legal actions and administrative proceedings of which they have knowledge, but there may be other actions that have been filed against Debtors of which Debtors have not, as of the Petition Date, received notice.  Further, Debtors' description of the nature or status of each proceeding may be incorrect or incomplete.  Such descriptions do not constitute an admission as to any facts in such proceedings or a waiver of Debtors' rights with respect thereto.

6.      **Question 18.**  See disclosure 1 in the Specific Schedules Disclosures section above.

7.      **Question 26d.**  Debtors have not listed every person to whom they have issued financial statements within two years of the Petition Date, as that list would number in the hundreds if not thousands.   Debtors routinely, in the ordinary course of their businesses, provided financial and other statements to: (i) the United States Department of Education; (ii) accrediting agencies; (iii) state attorneys general and regulatory agencies; (iv) lenders to and investors in Debtors and affiliates; (v) auditors listed in response to questions 26a through c; (vi) actual and potential purchasers of assets, business lines and campus locations; (vii) various credit card processors; (viii) existing and prospective insurers; (ix) insurance brokers; (x) surety underwriters and surety brokers; (xi) third party educational lenders and collection agencies; (xii) landlords; (xiii) litigation counterparties; and (xiv) various vendors.

8.      **Questions 28 and 29**.  The individuals listed in response to questions 28 and 29 no longer serve as an officer or director of Debtors.  The listing of a party as an officer or director for purposes of the Schedules and SOFAs is not intended to be, nor should it be, construed as a legal characterization of such party as an insider and does not act as an admission of any fact, right, claim, or defense, and all such rights, claims and defenses are hereby expressly reserved.   The individuals have been included for informational purposes only and such information may not be used for the purposes of determining control of Debtors or the extent to which any individual exercised management responsibilities or functions, corporate decision-making authority over Debtors.

Dated:  July 2, 2018
   Wilmington, Delaware

*/s/ Evelyn J. Meltzer*

**PEPPER HAMILTON LLP**
David B. Stratton (DE 960)
Evelyn J. Meltzer (DE 4581)
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, Delaware 19899-1709
Telephone: (302) 777-6500
Email: strattond@pepperlaw.com
   meltzere@pepperlaw.com

and

**FAEGRE BAKER DANIELS LLP**
Jay Jaffe
Dustin R. DeNeal
Kayla D. Britton
600 E. 96th Street, Suite 600
Indianapolis, Indiana  46240
Telephone: (317) 569-9600
Email: Jay.Jaffe@FaegreBD.com
   Dustin.DeNeal@FaegreBD.com
   Kayla.Britton@FaegreBD.com

*Counsel for Debtors*

**EXHIBIT A**

|    | Debtor | FEIN |
|----|--------|------|
| 1  | Education Management II LLC | 47-2042661 |
| 2  | American Education Centers, Inc. | 23-2726160 |
| 3  | Argosy Education Group, Inc. | 36-2855674 |
| 4  | Argosy University of California LLC | 27-1651273 |
| 5  | Brown Mackie College - Tucson, Inc. | 86-026-4601 |
| 6  | Education Finance III LLC | 47-2192533 |
| 7  | Education Management Corporation | 25-1119571 |
| 8  | Education Management Holdings II LLC | 47-2042529 |
| 9  | Education Management LLC | 20-4506022 |
| 10 | Higher Education Services II LLC | 47-2203436 |
| 11 | Miami International University of Art & Design, Inc. | 58-2641065 |
| 12 | South Education – Texas LLC | 27-2192573 |
| 13 | South University of Alabama, Inc. | 63-0314610 |
| 14 | South University of Carolina, Inc. | 58-2338201 |
| 15 | South University of Florida, Inc. | 75-3009226 |
| 16 | South University of Michigan, LLC | 27-3966655 |
| 17 | South University of North Carolina LLC | 26-1569113 |
| 18 | South University of Ohio LLC | 45-0949944 |
| 19 | South University of Virginia, Inc. | 26-1569263 |
| 20 | South University Research II LLC | 47-2323744 |
| 21 | South University, LLC | 58-1147090 |
| 22 | Stautzenberger College Education Corporation | 23-2914675 |
| 23 | TAIC-San Diego, Inc. | 95-3791894 |
| 24 | TAIC-San Francisco, Inc. | 95-3789487 |
| 25 | The Art Institutes International Minnesota, Inc. | 25-1796999 |
| 26 | The Art Institute of Atlanta, LLC | 58-0671597 |
| 27 | The Art Institute of Austin, Inc. | 26-1173626 |
| 28 | The Art Institute of California-Hollywood, Inc. | 22-3863289 |
| 29 | The Art Institute of California-Inland Empire, Inc. | 20-2316775 |

| 30 | The Art Institute of California - Los Angeles, Inc. | 25-1364215 |
| 31 | The Art Institute of California-Orange County, Inc. | 52-2136608 |
| 32 | The Art Institute of California-Sacramento, Inc. | 20-5076212 |
| 33 | The Art Institute of Charleston, Inc. | 20-5076048 |
| 34 | The Art Institute of Charlotte, LLC | 56-1024912 |
| 35 | The Art Institute of Colorado, Inc. | 84-0703062 |
| 36 | The Art Institute of Dallas, Inc. | 75-1589012 |
| 37 | The Art Institute of Fort Lauderdale, Inc. | 59-1500255 |
| 38 | The Art Institute of Houston, Inc. | 75-1589015 |
| 39 | The Art Institute of Indianapolis, LLC | 25-1586913 |
| 40 | The Art Institute of Las Vegas, Inc. | 88-0256362 |
| 41 | The Art Institute of Michigan, Inc. | 20-5218614 |
| 42 | The Art Institute of Philadelphia LLC | 26-4467396 |
| 43 | The Art Institute of Pittsburgh LLC | 26-4467441 |
| 44 | The Art Institute of Portland, Inc. | 52-2082215 |
| 45 | The Art Institute of Raleigh-Durham, Inc. | 26-1388031 |
| 46 | The Art Institute of St. Louis, Inc. | 80-0449555 |
| 47 | The Art Institute of San Antonio, Inc. | 26-4104394 |
| 48 | The Art Institute of Seattle, Inc. | 52-1209614 |
| 49 | The Art Institute of Tampa, Inc. | 01-0746822 |
| 50 | The Art Institute of Tennessee-Nashville, Inc. | 20-1705359 |
| 51 | The Art Institute of Virginia Beach LLC | 26-2242784 |
| 52 | The Art Institute of Washington, Inc. | 52-1117043 |
| 53 | The Art Institutes International II LLC | 47-2179270 |
| 54 | The Illinois Institute of Art at Schaumburg, Inc. | 36-4043502 |
| 55 | The Illinois Institute of Art, Inc. | 36-4043500 |
| 56 | The Institute of Post-Secondary Education, Inc. | 25-1360283 |
| 57 | The New England Institute of Art, LLC | 04-2987798 |
| 58 | The University of Sarasota, Inc. | 59-3335558 |
| 59 | Western State University of Southern California | 95-2313875 |

**Fill in this information to identify the case:**

Debtor name ___Education Management Corporation___

United States Bankruptcy Court for the: _____ District of ___Delaware___
(State)

Case number (If known): ___18-11500___

☐ Check if this is an
amended filing

## Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy   04/16

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

| Part 1: | Income |
| --- | --- |

1. **Gross revenue from business**

   ☑ None

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
   | --- | --- | --- | --- | --- |
   | **From the beginning of the fiscal year to filing date:** | From _____<br><sub>MM / DD / YYYY</sub> to | Filing date | ☐ Operating a business<br>☐ Other _____ | $_____ |
   | **For prior year:** | From _____<br><sub>MM / DD / YYYY</sub> to | _____<br><sub>MM / DD / YYYY</sub> | ☐ Operating a business<br>☐ Other _____ | $_____ |
   | **For the year before that:** | From _____<br><sub>MM / DD / YYYY</sub> to | _____<br><sub>MM / DD / YYYY</sub> | ☐ Operating a business<br>☐ Other _____ | $_____ |

2. **Non-business revenue**

   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☑ None

   | | | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
   | --- | --- | --- | --- | --- |
   | **From the beginning of the fiscal year to filing date:** | From _____<br><sub>MM / DD / YYYY</sub> to | Filing date | _____ | $_____ |
   | **For prior year:** | From _____<br><sub>MM / DD / YYYY</sub> to | _____<br><sub>MM / DD / YYYY</sub> | _____ | $_____ |
   | **For the year before that:** | From _____<br><sub>MM / DD / YYYY</sub> to | _____<br><sub>MM / DD / YYYY</sub> | _____ | $_____ |

Debtor    Education Management Corporation _____    Case number *(if known)* 18-11500_____
　　　　　　　Name

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |

**3.  Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|---|
| 3.1. | | | $_____ | ☐ Secured debt |
| | Creditor's name | _____ | | ☐ Unsecured loan repayments |
| | Street | _____ | | ☐ Suppliers or vendors |
| | | | | ☐ Services |
| | City　　　　State　　ZIP Code | _____ | | ☐ Other _____ |
| 3.2. | | | $_____ | ☐ Secured debt |
| | Creditor's name | | | ☐ Unsecured loan repayments |
| | Street | _____ | | ☐ Suppliers or vendors |
| | | | | ☐ Services |
| | City　　　　State　　ZIP Code | _____ | | ☐ Other _____ |

**4.  Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | | _____ | $_____ | _____ |
| | Insider's name | _____ | | _____ |
| | Street | _____ | | _____ |
| | City　　　　State　　ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |
| 4.2. | | _____ | $_____ | _____ |
| | Insider's name | _____ | | _____ |
| | Street | _____ | | _____ |
| | City　　　　State　　ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |

Debtor    Education Management Corporation
_____
          Name

Case number (if known) 18-11500 _____

---

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☐ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1. US Bank National Association<br>Creditor's name<br>214 N Tryon Street 26th Floor<br>Street<br><br>Charlotte          NC      28202<br>City                State    ZIP Code | See attached | _____ | $ 13,000,000.00 |
| 5.2.<br>Creditor's name<br><br>Street<br><br>City                State    ZIP Code | | _____ | $_____ |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| Creditor's name<br><br>Street<br><br>City                State    ZIP Code | <br><br><br>Last 4 digits of account number: XXXX– __ __ __ __ | _____ | $_____ |

---

| **Part 3:** | **Legal Actions or Assignments** |
|---|---|

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1. See attached<br><br>**Case number**<br>_____ | _____ | Name<br>_____<br>Street<br>_____<br>City          State     ZIP Code | ☐ Pending<br>☐ On appeal<br>☐ Concluded |
| **Case title**<br>7.2. _____<br>**Case number**<br>_____ | _____ | **Court or agency's name and address**<br>Name<br>_____<br>Street<br>_____<br>City          State     ZIP Code | ☐ Pending<br>☐ On appeal<br>☐ Concluded |

---

**Education Management Corporation**                    **Case Number:    18-11500**

| Part 2: | **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy** |
|---------|------------------------------------------------------------------------------|
|         | List Certain Transfers Made Before Filing Bankruptcy |

5.  Repossessions, foreclosures, and returns

**Description of the property**

On June 25, 2018, at the request of US Bank National Association (the "Agent") as Administrative Agent for the "Lenders" and Collateral Agent for the "Secured Parties" (each as defined in a Credit and Guaranty Agreement and a Pledge and Security Agreement, each dated as of January 5, 2015 and as each have been amended from time to time), Education Management II, LLC ("Company"), Education Management Corporation ("Parent"), Education Management Holdings II, LLC ("Holdings"), and certain debtor and non-debtor subsidiaries of Holdings (together with Company, Parent, and Holdings, the "Credit Parties") entered into a Surrender of Collateral, Consent to Partial Strict Foreclosure, and Release Agreement (UCC 9-620) (the "PSFA"), pursuant to which the Credit Parties surrendered to  Agent peaceful possession, right, title and interest in and to certain "Surrendered Collateral", defined and described in Exhibit 1 to the PSFA. The Exhibit defining and describing the Surrendered Collateral is also attached hereto as schedule 2.5.

**Schedule 2.5**

**Surrendered Collateral**

All of each Grantor's right, title and interest in, to and under the following personal property, in each case whether now owned or existing or hereafter acquired or arising and wherever located (all of which, except as provided in Section 2.2 of the Security Agreement, being collectively referred to as the "Surrendered Collateral"):

(a) Accounts (as defined in the Security Agreement);

(b) Chattel Paper (as defined in the Security Agreement);

(c) "payment intangibles" as defined in Article 9 of the UCC;

(d) any residual interest in (or with respect to the return of) cash or money market instruments, or any similar security, held in trust, as collateral, or as surety;

(e) Instruments (as defined in the Security Agreement);

(f) Investment Related Property (as defined in the Security Agreement);

(g) Letter of Credit Rights (as defined in the Security Agreement);

(h) Commercial Tort Claims (as defined in the Security Agreement);

(i) cash;

(j) to the extent not otherwise included above, all Collateral Support and Supporting Obligations relating to any of the foregoing (each as defined in the Security Agreement);

(k) to the extent not otherwise included above, all Proceeds (as defined in the Security Agreement), products, accessions, rents and profits of or in respect of any of the foregoing and all other documents and instruments executed in connection therewith; and

(l) the PNC Funds;

*provided* that, notwithstanding anything to the contrary set forth in this Agreement, the following items shall not be "Surrendered Collateral" for the purposes of this Agreement:  (i) any equity or other ownership interest (including, but not limited to any limited liability company or partnership interest) in any Credit Party or any affiliate or subsidiary of any Credit Party; and (ii) any real property

**Education Management Corporation**                                                                 Case Number: **18-11500**

| Part 3: | Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy |
|---|---|
| | Legal Actions of Assignments |

7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits within 1 year before filing this case

| | CASE TITLE | CASE NUMBER | NATURE OF CASE | COURT OR AGENCY'S NAME AND ADDRESS | STATUS |
|---|---|---|---|---|---|
| | **Student** | | | | |
| 7.1 | Baxley, Jennifer, Baxley, Jennifer Michael Callahan, Ana Fernandez, Libia Fimbres, Laura Ingram, Shaylene Muckle, Jeff Nguyen, Johanna Owen, Rebecca Porter, Suzanne Prentiss, and Katherine Ritchie v. Brown Mackie College – Tucson, Inc., Education Management Corp., d/b/a Phoenix Art Institute, Cynthia Carter and John Doe Carter, Connie Sharp and John Doe Sharp, Esperanza Villanueva and John Doe Villanueva, and Deborah Thibodeaux and John Doe Thibodeaux | C20162321 | Consumer fraud, common law fraud, breach of contract, breach of covenant of good faith and fair dealing, intentional infliction of emotional distress, negligence and pattern of unlawful activity. | Superior Court of Pima County, Arizona 110 W Congress St. Tucson, AZ 85701 | Dismissed |
| 7.2 | Bennett, Kristin v. Education Management Corporation, Education Management Holdings LLC, Education Management LLC, and The Art Institute of New York City. | 1425025798 | Common Law Fraud, Violations of the New York General Business Law, Violations of Pa. Unfair Trade Practices and Consumer Protection Law. | JAMS 333 So Seventh Street, Suite 2500 Minneapolis, MN 55402-2470 | Dismissed |
| 7.3 | Carter, Jeremy, Kenneth Jones, Paul Paseli, Christopher Weaver, Angela Rash, Stacy Page, Roger Copeland, Arthur Cardona, Terry Mullins, Florencezell Whitfield-Miles, Felicia Garcia, Jan'I Lowry, Tracy Johnson, Lynn Farrell, Karen Harris, Sean Smith, Rebecca Gruis and Carlos Castillo v. Argosy Education Group, Inc., d/b/a Argosy University, Education Management Corporation, Barry T. Ryan, Devitt J. Kramer, Sue Minahan, Craig D. Swenson, Marilyn Powell, Cynthia Baum, Mark McEachen, James Terrell, and Dr. Michael Leach | DC-16-15814 | Consumer Fraud and Breach of Contract | Dallas County, Texas 14th Judicial District Court Geroge L. Allen, Sr. Courts Building 600 Commerce St. Dallas, TX 75202 | Pending |
| 7.4 | De La Cruz, Brian v. Education Management Corporation, Education management Holdings LLC, Education Management LLC, and The Art Institute of New York City | 1425025803 | Common Law Fraud, Violations of the New York General Business Law, Violations of Pa. Unfair Trade Practices and Consumer Protection Law. | JAMS 333 So Seventh Street, Suite 2500 Minneapolis, MN 55402-2470 | Dismissed |
| 7.5 | Esquire, Steven v. Education Management Corporation and The Art Institute of California – San Diego | 3:17-cv-01240-BAS | Disability discrimination, public disclosure of private facts, intentional infliction of emotional distress, state statute violations, fraud, and other legal theories. | United States District Court for the Southern District of California 333 W. Broadway #420 San Diego, CA 92101 | Pending |
| 7.6 | Goodwin, Erica and Jackson C. Goodwin, V v. Richard Y. Sin, as the Administrator of the Estate of Rebecca Kim, deceased, Tyler Saxton, Andre Sommerbell, Valerie Ruiz, CP Development 1530, LLC, f/k/a Metro Development 1530, LLC, 1530 Chestnut Street Associates LP, CP 1530 Fee GP, LLC, Cross Properties Realty, Latus Partners, LLC, The Art Institutes International, Inc. d/b/a The Art Institute of Philadelphia, and Education Management Corporation | 160403524 | Negligence and a loss of consortium in connection with injuries Plaintiff-wife sustained from an incident which occurred on January 15, 2015 | Philadelphia County Court of Common Pleas Philadelphia City Hall Chestnut Street Philadelphia, PA 19107 | Pending |
| 7.7 | Lombardo, Coleby v. Dream Center Foundation, Inc., dba Argosy University; Education Management Corporation; Marc Lubin; Daniel Richins; Marilyn Al-Hassan; Gary Bruss; Tita Lopez; Karissa Lentz; Outreach Concern, Inc.; Gary House; and DOES 1-50 | BC 694492 | | Superior Court of the State of California County of Los Angeles 111 N. Hill Street Los Angeles, CA 90012 | Pending |
| 7.8 | Okonkwo, Irene v. Education Management Corporation | 1415015092 | Fraud and violations of the New York Deceptive Trade Practices Act. | JAMS 333 So Seventh Street, Suite 2500 Minneapolis, MN 55402-2470 | Pending |
| 7.9 | Okonkwo, Irene v. Education Management Corporation | 1:16-cv-03689-RDB | Fraud and violations of the New York Deceptive Trade Practices Act. | United States District Court for the District of Maryland 101 W. Lombard St. Baltimore, MD 55402-2470 | Pending |
| 7.10 | Ortiz, Jason v. Education Management Corporation, Education Management Holdings LLC, Education Management LLC and The Art Institute of New York City | No number assigned | Fraud, violations of the New York and New Jersey state statutes and unjust enrichment. | JAMS 333 So Seventh Street, Suite 2500 Minneapolis, MN 55402-2470 | Dismissed |

**Education Management Corporation**                                                                 **Case Number: 18-11500**

| Part 3: | Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy |
| --- | --- |
| | Legal Actions of Assignments |

7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits within 1 year before filing this case

| | CASE TITLE | CASE NUMBER | NATURE OF CASE | COURT OR AGENCY'S NAME AND ADDRESS | STATUS |
| --- | --- | --- | --- | --- | --- |
| 7.11 | Ortiz, Jason, Kristin Bennett, and Brian De La Cruz, individually and on behalf of all others similarly situated, v. Education Management Corporation, The Art Institute of New York City, Accrediting Counsil for Independent Colleges and Schools, Edward H. West, John M. Mazzoni, and Todd S. Nelson | 1:18-cv-04623 | Class Action Complaint alleging false and misleading statements regarding job placement. | United States District Court for the Southern District of New York James M. Hanley Federal Building 100 S. Clinton St. Syracuse, NY 13261 | Pending |
| 7.12 | Sin, Richard, as Administrator of the Estate of Rebecca Kim, Deceased, v. Metro Development Company, The Art Institutes International Inc. dba The Art Institute of Philadelphia, Education Management Corp., 1530 Chestnut Street Associates LP, CP1530 Fee GP LLC, and Cross Properties Realty LLC | 151202604 | Wrongful death and negligence. | Philadelphia County Court of Common Pleas Philadelphia City Hall Chestnut Street Philadelphia, PA 19107 | Pending |
| 7.13 | Tito A. Thomas v. Education Management Corporation (EDMC), Argosy University | BC683000 | | Superior Court of the State of California County of Los Angeles 111 N. Hill Street Los Angeles, CA 90012 | Pending |
| 7.14 | Townsend, Aretha v. Education Management Corporation, Owner of Art Institute of Atlanta, U.S. Department of Education, Federal Student Aid/and "all" associated names- Default Resolutions Group, Ombudsman Group, etc. and FMS Investments Corp. (FMS) | 1:17-CV-00639 | Violations of the Federal Trade Commission Act, the Federal Deposit Insurance Act, the Fair Debt Collection Practices Act and the False Claims Act. | United States District Court for the Northern District of Georgia 18 Greenville St Newman, GA 30263 | Pending |
| | **Employment & Contract** | | | | |
| 7.15 | Albertson, Robert v. The Art Institute of Atlanta, EDMC Marketing and Advertising, Inc., Education Management Corporation, and Education Management, LLC | 1:16cv3922 | Reverse race and age discrimination and retaliation, and hostile work environment | United States Distric Court for the Northern District of Georgia (subsequently compelled to arbitration before JAMS) 18 Greenville St. Newman, GA 30263 | Pending |
| 7.16 | Amos, Courtney v. Education Management Corporation, The Art Institutes, The Art Institutes of California (The Art Institute of California - Sacramento), Education Management LLC, and Eldon Monday | 34-2015-00182453 | Sex discrimination, defamation, wrongful termination and various state statute violations. | Superior Court of the State of California, County of Sacramento 720 9th St. Sacramento, CA 95814 | Pending |
| 7.17 | Borgesi, Joanne v. EDMC (The Center Shared Services - Pittsburgh) | 2:17-cv-000824-RCM | Sexual and disability discrimination, retaliation, hostile work environment. | United States District Court for the Western District of Pennsylvania (subsequently compelled to arbitration) 17 S. Park Row #A150 Erie, PA 16501 | Pending |
| 7.18 | Browning, Todd v. Education Management Corporation and The Art Institute of Tennessee-Nashville, Inc. | 3:17-cv-1305 | FMLA violations in connection with work termination. | United States District Court for the Middle District of Tennessee (subsequently compelled to arbitration) 801 Broadway #800 Nashville, TN 37203 | Pending |
| 7.19 | Burge, Leron S. v. Education Management Corporation | 1:16-cv-04299-RWS | Violations of the Fair Labor Standards Act. | United States District Court for the Northern District of Georgia, Atlanta Division (subsequently compelled to arbitration) 75 Ted Turner Dr NW Suite 2211 Atlanta, GA 30303 | Pending |
| 7.20 | Cheslek, James v. Education Management Corporation, Brown Mackie College-Albuquerque, Sami Fanek and Julia Dennison | D-202-CV 2017-05-8-44 | Wrongful termination | Second Judicial District Court, County of Bernalillo, State of New Mexico 400Lomas Blvd NW Albuquerque, NM 87102 | Pending |
| 7.21 | Coker, Morenike v. Education Management Corporation (Art Institute Online Phoenix) | JAMS Arbitration No. unknown | Sex discrimination, retaliation and harassment. This matter was previously filed in federal court. The matter was dismissed on January 7, 2015 and the parties were compelled to arbitration. | JAMS 333 S. Seventh St., Suite 2550 Minneapolis, MN 55402-2470 | Pending |

**Education Management Corporation**                                                                                   **Case Number: 18-11500**

| Part 3: | Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy |
|---|---|
| | Legal Actions of Assignments |

7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits within 1 year before filing this case

| | CASE TITLE | CASE NUMBER | NATURE OF CASE | COURT OR AGENCY'S NAME AND ADDRESS | STATUS |
|---|---|---|---|---|---|
| 7.22 | Eberle, Raquel v. The Art Institute of Michigan and Education Management Corporation (EDMC) | 2018-165697-CD | Sex discrimination, sexual harrassment, retaliation and breach of contract.  A renewed Complaint was filed on May 14, 2018, Case No. 2018-165697-CD stating the previous action was resolved, but a mutual agreement to arbitrate was breached by Plaintiff. | State of Michigan, In the Circuit Court of Oakland County 1200 N. Telegraph Road Pontiac, MI 48340 | Pending |
| 7.23 | Gallivan, James v. Education Management Corporation, Newton Myvett, and Linda Woods | 1:16-cv-03178-WSD-AJB | Reverse race and age discrimination. | U.S. District Court for the Northern District of Georgia, Atlanta Division 75 Ted Turner Dr NW, Suite 2211 Atlanta, GA 30303 | Pending |
| 7.24 | Raymond Gonzales v. Education Management Corporation, The Dream Center Foundation, and DOES 1 Through 20, inclusive | CGC-18-564745 | Sexual orientation discrimination on the job | Superior Court of the State of California, County of San Francisco 400 McAllister St. San Francisco, CA 94102 | Pending |
| 7.25 | Huen, Melissa v. Education Management Corporation, Roger Hosn and Heidi Marchionda | BC659859 | Disability and sex discrimination, and wrongful termination. | Superior Court of the State of California County of Los Angeles 111 N. Hill Street Los Angeles, CA 90012 | Pending |
| 7.26 | Ingram, Alexander and Scott Wreyford, individually and on behalf of all other aggrieved employees v. Education Management Corporation | 30-2017-00922559-CU-OE-CXC | Plaintiffs allege that EDMC failed to compensate them at a rate that at least exceeded the state minimum wage, denied them rest breaks (and failed to pay premium pay penalties), failed to issue accurate wage statements, failed to pay them for all hours worked, failed to pay all wages owed each pay period, failed to pay all wages upon termination and did not reimburse them for cell phone expenses. | Superior Court of the State of California County of Orange 700 W. Civic Center Dr. Santa Ana, CA 92701 | Pending |
| 7.27 | McKenzie H. Adamina v. Education Management Corporation dba Art Institute of California Inland Empire, Inc., Lea Marshall, and DOES 1-10 | CIVDS1802990 | Disability Discrimination, Retaliation, Failure to Provide Reasonable Accommodations, Failure to Engage in the Interactive Process, Harassment, and Wrongful Termination | Superior Court of the State of California County of San Bernardino 247 W. 3rd Street San Bernardino, CA 92415 | Pending |
| | **Other Litigation Matters** | | | | |
| 7.28 | Educational Supplies Direct, LLC, TMD Holdings, LLC and Tommy Wang v. Education Management Corporation | GD 14-010241 | Breach of contract, promissory estoppel, anticipatory breach of contract, intrusion/seclusion and unjust enrichment. | Court of Common Pleas of Allegheny County, Pennsylvania City-County Building 414 Grant St.,, First Floor Pittsburgh, PA 15219-2469 | Pending |
| 7.29 | Marblegate Asset Management, LLC, Marblegate Special Opportunities Master Fund, L.P., Magnolia Road Capital LP, and Magnolia Road Global Credit Master Fund L.P. v. Education Management Corporation, Education Management LLC, and Education Management Finance Corp. | 1:14-cv-08584-KPF | Complaint for declaratory and injunctive relief to stop a planned intercompany sale transaction under Article 9 of the UCC in connection with the debt restructuring.  The note holders allege violations of the Trust Indenture Act. | United States District Court for the Southern District of New York 500 Pearl St. New York, NY 10007 | Pending |
| | **EEOC** | | | | |
| 7.30 | Ariel Peterson v. Education Management Corporation and The Art Institute of Philadelphia | 530-2017-03973 | Discrimination based on race and retaliation. | EEOC William S. Moorhead Federal Building 1000 Liberty Ave., Suite 1112 Pittsburgh, PA 15222 | Pending |
| 7.31 | Coles, Raymond v. Education Management Corporation (AUO - Pittsburgh) | 533-2015-01085 | Race and age discrimination | EEOC William S. Moorhead Federal Building 1000 Liberty Ave., Suite 1112 Pittsburgh, PA 15222 | Pending |
| 7.32 | Davis-Cotton, Denise v. EDMC and Argosy University (AU Sarasota) | 511-2017-00372 | Race discrimination and retaliation. | EEOC William S. Moorhead Federal Building 1000 Liberty Ave., Suite 1112 Pittsburgh, PA 15222 | Pending |
| 7.33 | Ghoneim, Dina v. EDMC/South University Online - Phoenix | 540-2017-0685 | Terminated as retaliation for prior EEOC filing. | EEOC William S. Moorhead Federal Building 1000 Liberty Ave., Suite 1112 Pittsburgh, PA 15222 | Pending |

**Education Management Corporation**                                                                                   Case Number: **18-11500**

| Part 3: | Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy |
|---------|----------------------------------------------------------------------------|
|         | Legal Actions of Assignments |

7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits within 1 year before filing this case

|      | CASE TITLE | CASE NUMBER | NATURE OF CASE | COURT OR AGENCY'S NAME AND ADDRESS | STATUS |
|------|------------|-------------|----------------|-------------------------------------|--------|
| 7.34 | Goldston, Brandy v. Education Management Corporation/Argosy University | 410-2016-02636 | Race and sex discrimination and retaliation. | EEOC William S. Moorhead Federal Building 1000 Liberty Ave., Suite 1112 Pittsburgh, PA 15222 | Pending |
| 7.35 | Haas, Kimberly v. EDMC and The Art Institute of California - San Francisco | 11-50768 TF | Unpaid wages and damages and penalties. | California Dept. of Industrial Relations Division of Labor Standards Enforcement | Pending |
| 7.36 | Seattle Office of Labor Standards, Office for Civil Rights v. The Art Institute of Seattle, Inc. d/b/a The Art Institute of Seattle and Education Management Corporation | 2016-00437-LS | SOCR alleges the school failed to 1) notify employees of paid sick and safe time (PSST) balances; 2) give employees PSST at the required rate; and, 3) allow employees to carry over PSST | Seattle Office for Civil Rights 810 3rd Ave., Suite 750 Seattle, WA 98104 | Pending |
| 7.37 | Walsh, Bong v. Education Management Corporation/Argosy University – San Francisco | 555-2016-01222 | Race discrimination | EEOC William S. Moorhead Federal Building 1000 Liberty Ave., Suite 1112 Pittsburgh, PA 15222 | Pending |
|      | **Personal Injury** | | | | |
| 7.38 | Tracy Washington and Norman Trotman as Co-personal Representatives of the Estate of Alexander Trotman, deceased v. the Art Institute of Fort Lauderdale, Inc., Education Management Corp., GSG Residential Sunforest, LLC | CACE-18-010346 | Complaint for negligence and wrongful death. | Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida 201 SE 6th St. Fort Lauderdale, FL 33301 | Pending |
|      | **Real Estate** | | | | |
| 7.39 | L REIT, LTD v. Education Management II LLC f/k/a Education Management LLC, a/k/a Education Management Corporation, Guarantor And The Art Institute of Houston, Inc., Dream Center Educational Holdings LLC, The Art Institute of Houston LLC d/b/a DC Art Institute of Houston | 2018-07367 | Plaintiff alleges Defendants breached the Lease by failing to pay all amounts due in reference to rent. | District Court of Harris County, Texas PO Box 4651 Houston, TX 77210 | Pending |
| 7.40 | Nipper Industrial Holdings, LLC v. Stautzenberger College Education Corporation D/B/A Brown Mackie College-Findlay, Education Management Corporation | 2018-CV 41 | Breach of lease agreement, breach of unconditional guarantee and tortious interference with contract. | Court of Common Pleas Hancock County, Ohi 300 S. Main St. Findlay, OH 45840 | Pending |
| 7.41 | Net 1 Phoenix, L.L.C. v. Brown Mackie College - Phoenix, Inc., Education Management Corporation | CV2018-093541 | Breach of Contract | Superior Court of the State of Arizona, County of Maricopa 201 W. Jefferson St. Phoenix, AZ 85003 | Pending |
| 7.42 | RC Geishler, LLC v. Brown Mackie College-Salina, LLC; Education Management Corporation | 2018-LM-23-RR | Failure to pay rent and real estate taxes for the month of December, 2017. | District Court of Saline County, Kansas 300 W. Ash, Room 307 Saline, KS 67401 | Pending |
| 7.43 | Salina Building Company, Inc. v. Brown Mackie College-Salina, LLC; Education Management Corporation | 2018-LM-334-RU | Failure to pay monthly rent for December, 2017 and January 2018 in the amount of $30,671.30 and real estate taxes and maintenance fees in the amount of $825.71. Defendant also has failed to vacate the premises. | District Court of Saline County, Kansas 300 W. Ash, Room 307 Saline, KS 67401 | Pending |
| 7.44 | SCND Block 1000, L.L.C., Successor to St. Charles Noah-devel v. The Art Institute of St. Louis Inc., Education Management Corporation, and Dream Center Education Holdings, LLC a/k/a Dream Center Education Management, LLC | 1811-CC0185 | Breach of contract due to the non payment of rent, etc. by Defendants. | Eleventh Judicial Circuit, State of Missouri, Circuit Judge Division St. Charles County, Missouri 300 N. Second St., Suite 217 St. Charles, MO 63301 | Pending |

Debtor      Education Management Corporation _____        Case number (*if known*)__18-11500_____
                Name

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| _____ | _____ | $_____ |
| Custodian's name | **Case title** | **Court name and address** |
| _____ | _____ | _____ |
| Street | _____ | Name |
| _____ | **Case number** | _____ |
| City          State        ZIP Code | _____ | Street |
| | | _____ |
| | **Date of order or assignment** | City          State        ZIP Code |
| | _____ | |

## Part 4:   Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| **9.1.** _____ | _____ | _____ | $_____ |
| Recipient's name | _____ | | |
| _____ | | | |
| Street | | | |
| _____ | | | |
| City          State        ZIP Code | | | |
| **Recipient's relationship to debtor** | | | |
| _____ | | | |
| **9.2.** _____ | | | $_____ |
| Recipient's name | | | |
| _____ | | | |
| Street | | | |
| _____ | | | |
| City          State        ZIP Code | | | |
| **Recipient's relationship to debtor** | | | |
| _____ | | | |

## Part 5:   Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | | |
| _____ | | _____ | $_____ |
| _____ | | | |

Debtor    Education Management Corporation _____    Case number *(if known)*  18-11500 _____
          Name

| **Part 6:** | **Certain Payments or Transfers** |
|---|---|

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | _____ | _____ | _____ | $_____ |
| | **Address** | _____ | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | City            State      ZIP Code | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2. | _____ | _____ | _____ | $_____ |
| | **Address** | _____ | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | City            State      ZIP Code | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| _____ | _____ | _____ | $_____ |
| **Trustee** | _____ | | |
| _____ | | | |

Debtor    Education Management Corporation _____    Case number (if known) 18-11500_____
          Name

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | _____ | _____ | _____ | $_____ |
| | **Address** | _____ | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | City          State          ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |
| 13.2. | Who received transfer? | _____ | _____ | $_____ |
| | _____ | _____ | | |
| | **Address** | | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | City          State          ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |

---

**Part 7:    Previous Locations**

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| | Address | Dates of occupancy |
|---|---|---|
| 14.1. | 210 Sixth Avenue | From _____ To _____ |
| | Street | |
| | 33rd Floor | |
| | Pittsburgh          PA          15222 | |
| | City          State          ZIP Code | |
| 14.2. | _____ | From _____ To _____ |
| | Street | |
| | _____ | |
| | City          State          ZIP Code | |

Debtor    Education Management Corporation
_____    Case number (if known) 18-11500
Name

| Part 8: | Health Care Bankruptcies |
|---|---|

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1. _____ <br> Facility name <br> _____ <br> Street <br> _____ <br> City    State    ZIP Code | _____ <br> _____ <br> **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. <br> _____ <br> _____ | _____ <br><br> **How are records kept?** <br><br> *Check all that apply:* <br> ☐ Electronically <br> ☐ Paper |

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.2. _____ <br> Facility name <br> _____ <br> Street <br> _____ <br> City    State    ZIP Code | _____ <br> _____ <br> **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. <br> _____ <br> _____ | _____ <br><br> **How are records kept?** <br><br> *Check all that apply:* <br> ☐ Electronically <br> ☐ Paper |

| Part 9: | Personally Identifiable Information |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No.

☑ Yes. State the nature of the information collected and retained. Student names, address and other information protected by FERPA

Does the debtor have a privacy policy about that information?

☐ No

☑ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

☐ Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| _____ | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

Has the plan been terminated?

☐ No

☐ Yes

Debtor    Education Management Corporation _____    Case number *(if known)* __18-11500_____
          Name

---

**Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1. PNC<br>Name<br>PO Box 535230<br>Street<br><br>Pittsburgh      PA      15253-5230<br>City      State      ZIP Code | XXXX– 9  5  7  1 | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☑ Other Concentration | 4/20/2018 | $ UNKNOWN |
| 18.2. _____<br>Name<br>_____<br>Street<br>_____<br>City      State      ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | _____ | $_____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____<br>Name<br>_____<br>Street<br>_____<br>City      State      ZIP Code | _____<br>_____<br>**Address**<br>_____<br>_____ | _____<br>_____<br>_____ | ☐ No<br>☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| See Education Management II LLC SOFA 10.20<br>Name<br>_____<br>Street<br>_____<br>City      State      ZIP Code | _____<br>_____<br>**Address**<br>_____<br>_____ | _____<br>_____<br>_____ | ☐ No<br>☐ Yes |

---

| Debtor | Education Management Corporation | Case number (if known) | 18-11500 |
|---|---|---|---|
| | Name | | |

---

**Part 11:**   Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $_____ |
| _____ | _____ | _____ | |
| Name | | | |
| _____ | _____ | _____ | |
| Street | | | |
| _____ | | | |
| City          State          ZIP Code | | | |

---

**Part 12:**   Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| _____ | Name | _____ | ☐ Pending |
| **Case number** | _____ | _____ | ☐ On appeal |
| | Street | _____ | ☐ Concluded |
| _____ | _____ | | |
| | City          State          ZIP Code | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | _____ |
| _____ | _____ | _____ | |
| Name | Name | _____ | |
| _____ | _____ | _____ | |
| Street | Street | | |
| _____ | _____ | | |
| City          State          ZIP Code | City          State          ZIP Code | | |

---

Debtor  Education Management Corporation _____  Case number (*if known*) 18-11500 _____
Name

---

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| Name | Name | _____ | |
| _____ | _____ | _____ | |
| Street | Street | | |
| _____ | _____ | | |
| City        State      ZIP Code | City        State      ZIP Code | | |

---

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

---

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1. | Education Management Holdings LLC<br>Name<br>210 Sixth Avenue<br>Street<br>Third Floor<br>Pittsburgh    PA    15222<br>City        State      ZIP Code | Operate post-secondary education institutions<br>_____<br>_____ | EIN: 2 0 – 4 5 0 5 9 4 6<br>**Dates business existed**<br>From 3/15/2006  To Current |
| 25.2. | Education Management Holdings II LLC<br>Name<br>210 Sixth Street<br>Street<br>Third Floor<br>Pittsburgh    PA    15222<br>City        State      ZIP Code | Operate post-secondary education institutions<br>_____<br>_____ | EIN: 4 7 – 2 0 4 2 5 2 9<br>**Dates business existed**<br>From 10/3/2014  To Current |
| 25.3. | _____<br>Name<br>_____<br>Street<br>_____<br>City        State      ZIP Code | _____<br>_____<br>_____ | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___<br>**Dates business existed**<br>From _____  To _____ |

---

Debtor    Education Management Corporation _____    Case number *(if known)* 18-11500 _____
          Name

---

26. **Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1.  Anyone in Accounting at Education Management II LLC<br>Name<br>210 Sixth Avenue<br>Street<br>3rd Floor<br><br>Pittsburgh                    PA               15222<br>City                              State            ZIP Code | From _____  To _____ |

| Name and address | Dates of service |
|---|---|
| 26a.2.  Anyone in Accounting at Dream Center Education Holdings<br>Name<br>1400 Penn Avenue<br>Street<br><br>Pittsburgh                    PA               15222<br>City                              State            ZIP Code | From _____  To _____ |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1.  See attached<br>Name<br><br>Street<br><br>City                              State            ZIP Code | From _____  To _____ |

| Name and address | Dates of service |
|---|---|
| 26b.2.  <br>Name<br><br>Street<br><br>City                              State            ZIP Code | From _____  To _____ |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.  Anyone in Accounting at Education Management II LLC<br>Name<br>210 Sixth Avenue<br>Street<br>3rd Floor<br><br>Pittsburgh                    PA               15222<br>City                              State            ZIP Code | _____<br>_____<br>_____ |

**Education Management Corporation**                                      **Case Number: 18-11500**

**Part 13** **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**
Details About the Debtor's Business or Connections to Any Business

26.  Books, records, and financial statements

26b.  List all firms or individuals who have audited, compiled, or reviewed debtor's boods of account and records or prepared a financial statement within 2 years before filing the case

|       | Name | Address | City | State | Zip | Begin Date of Service | End Date of Service |
|-------|------|---------|------|-------|-----|----------------------|---------------------|
| 26b.1 | Ernst & Young | PGH National Bank-Pitt 640382<br>PO Box 640382 | Pittsburgh | PA | 15264-0382 | | 12/31/2017 |
| 26b.2 | Price Waterhouse Coopers | PO Box 7247-8001 | Philadelphia | PA | 19170-8001 | | 4/30/2017 |
| 26b.3 | RD Hoag & Associates | 555 N Bell Avenue | Carnegie | PA | 15106 | | March 2017 |

Debtor    Education Management Corporation _____    Case number *(if known)*__18-11500_____
          Name

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2.    Anyone in Accounting at Dream Center Education Holdings | _____ |
|           Name | |
|           1400 Penn Avenue | _____ |
|           Street | |
|           _____ | _____ |
|           Pittsburgh                    PA              15222 | |
|           City                    State          ZIP Code | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1.    See Global Notes |
|           Name |
|           _____ |
|           Street |
|           _____ |
|           City                    State          ZIP Code |

| Name and address |
|---|
| 26d.2.    _____ |
|           Name |
|           _____ |
|           Street |
|           _____ |
|           City                    State          ZIP Code |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $_____ |

| Name and address of the person who has possession of inventory records |
|---|
| 27.1.    _____ |
|          Name |
|          _____ |
|          Street |
|          _____ |
|          City                    State          ZIP Code |

Debtor    Education Management Corporation _____    Case number (*if known*) 18-11500 _____
          Name

| Name of the person who supervised the taking of the inventory | | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|---|
| _____ | | _____ | $_____ |
| **Name and address of the person who has possession of inventory records** | | | |

27.2. _____
      Name
      _____
      Street
      _____
      _____
      City                          State        ZIP Code

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| See attached | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No
☑ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| See attached | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1. _____ | _____ | _____ | _____ |
| Name | | | |
| _____ | | _____ | |
| Street | | | |
| _____ | | _____ | |
| _____ | | | |
| City                State      ZIP Code | | | |
| **Relationship to debtor** | | _____ | |
| _____ | | _____ | |

**Education Management Corporation**                                                    **Case Number: 18-11500**

| Part 13: | **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy** |
|---|---|
| | Details About the Debtor's Business or Connections to Any Business |

28.  List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| | Name | Address | Position and Nature of Interest | % of Interest, if any |
|---|---|---|---|---|
| 28.1 | Frank W. Jalufka | 22112 Verbena Parkway<br>Spicewood, TX 78669-6305 | Board of Directors, President and Treasurer | |
| 28.2 | Mark Novad | 208 White Oak Drive<br>Slippery Rock, PA 16057 | Board of Directors | |
| 28.3 | James Hobby | 32147 LKS West<br>West End, NC 27376 | Board of Directors | |
| 28.4 | Donn Patton | 242 Maple Ridge Drive<br>Canonsburg, PA 15317 | Secretary | |
| 28.5 | Scott A. Syglowski | 2335 Saddle Drive<br>Allison Park, PA 15101 | Vice President of Taxes | |
| 28.6 | Linda A. Barent | 4274 Laurel Ridge Drive<br>Allison Park, PA 15101 | VP, Sr. Real Estate Counsel and Asst. Secretary | |
| 28.7 | Robert V. Kelley | 4008 Le Tort Lane<br>Allison Park, PA 15101 | VP, Sr. Counsel and Asst. Secretary | |

**Education Management Corporation**                                    **Case Number: 18-11500**

| Part 13: | Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy |
| --- | --- |
| | Details About the Debtor's Business or Connections to Any Business |

29. Within 1 year before the filing of the case, officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions

| | Name | Address | Position | Nature of Any Interest | Period During Which Position Was Held From - To |
| --- | --- | --- | --- | --- | --- |
| 29.1 | John M. Danielson | 210 Sixth Avenue, 3rd Floor Pittsburgh, PA 15222 | Chairman - Board of Directors | | Through December 31, 2017 |
| 29.2 | Jerome G. Kamer | 151 Laurel Oak Drive Sewickley, PA 15143 | Board of Directors | | Through December 31, 2017 |
| 29.3 | Mark A. McEachen | 6 Marquette Way Trabuco Canyon, CA 92679 | Board of Directors, Chief Executive Office and President | | Through December 31, 2017 |
| 29.4 | Frank W. Jalufka | 22112 Verbena Parkway Spicewood, TX 78669-6305 | Senior Vice President, Chief Financial Officer  & Treasurer | | Through December 31, 2017 |
| 29.5 | Connie S. Adelman | 198 W Oneida Trail Greensburgh, IN 47240 | President, Brown Mackie Colleges | | Through December 31, 2017 |
| 29.6 | Terri L. Nelson | 1719 Summit Avenue Saint Paul, MN 55105 | Chief Financial Officer, The Art Institutes | | Through December 31, 2017 |
| 29.7 | John T. South, III | 2 Pettigrew Plantation Road Bluffton, SC 29910 | Chancellor, South University | | Through December 31, 2017 |
| 29.8 | Cynthia G. Baum, Ph.D. | 16923 Horn Point Drive Gaithersburg, MD 20878 | Chancellor, Argosy University | | Through December 31, 2017 |
| 29.9 | Brian Curtin | 17033 Westridge Oaks Drive Wildwood, MO 63040 | Sr. Vice President, Chief Marketing Officer | | Through December 31, 2017 |
| 29.10 | J. Devitt Kramer | 151 Laurel Oak Drive Sewickley, PA 15143 | Sr. Vice President, General Counsel and Secretary | | Through December 31, 2017 |
| 29.11 | Mark E. Novad | 208 White Oak Drive Slippery Rock, PA 16057 | Sr. Vice President, Human Resources | | Through December 31, 2017 |
| 29.12 | Donn Patton | 242 Maple Ridge Drive Canonsburg, PA 15317 | Vice President, Corporate Real Estate and Procurement | | Through December 31, 2017 |
| 29.13 | Jim Sheets | 210 Sixth Avenue, 3rd Floor Pittsburgh, PA 15222 | Vice President, Internal Audit | | Through December 31, 2017 |
| 29.14 | Kimberly D. Strohm | 210 Sixth Avenue, 3rd Floor Pittsburgh, PA 15222 | Vice President and Assistant Secretary | | Through December 31, 2017 |
| 29.15 | Carol A. Brunner | 8855 Lincoln Boulevard Pittsburgh, PA 15237-4486 | AVP, Manager - Transactions and Property Tax, Unclaimed Property | | Through December 31, 2017 |
| 29.16 | Susan E. Minahan | 210 Sixth Avenue, 3rd Floor Pittsburgh, PA 15222 | Assistant Secretary | | Through December 31, 2017 |

Debtor    Education Management Corporation    Case number (if known) 18-11500
_____Name_____

| | Name and address of recipient | _____ _____ _____ |
|---|---|---|
| 30.2 | | |
| | Name | _____ |
| | Street | _____ |
| | | _____ |
| | City                    State          ZIP Code | _____ |
| | Relationship to debtor | _____ |
| | _____ | |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| Education Management Corporation | EIN: 2 5 – 1 1 1 9 5 7 1 |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| _____ | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

**Part 14:    Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    6/29/2018
           MM  / DD  / YYYY

✖ /s/ Frank W. Jalufka                     Printed name  Frank W. Jalufka
Signature of individual signing on behalf of the debtor

Position or relationship to debtor  President

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐ No
☑ Yes