# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EDUCATION MANAGEMENT II LLC, et al.,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 18-11494 (LSS)<br><br>**Re: D.I. 172** |

**Hearing Date: August 23, 2018 at 10:30 a.m. (Eastern time)**

**OMNIBUS REPLY OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, TO OMNIBUS LIMITED OBJECTION AND RESERVATION OF RIGHTS OF U.S. BANK, NATIONAL ASSOCIATION, TO: (I) MOTION OF [INTERIM] CHAPTER 7 TRUSTEE FOR ORDER ESTALISHING NOTICE PROCEDURES; (II) APPLICATION OF [INTERIM] CHAPTER 7 TRUSTEE GEORGE L. MILLER, TO EMPLOY MILLER COFFEY TATE LLP AS ACCOUNTANTS AND BANKRUPTCY CONSULTANTS *NUNC PRO TUNC* TO JUNE 29, 2018; AND (III) APPLICATION OF GEORGE L. MILLER, [INTERIM] CHAPTER 7 TRUSTEE, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(A) AND 328(A), BANKRUPTCY RULES 2014(A) AND 2016, AND LOCAL RULE 2014-1 FOR AUTHORITY TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO CHAPTER 7 TRUSTEE, *NUNC PRO TUNC* TO JUNE 29 ,2018, IN THE ABOVE-CAPTIONED DEBTORS' CASES**

George L. Miller, chapter 7 trustee (the "Trustee") to the estates of the debtors and affiliated debtors listed on **Exhibit A** attached hereto (the "Debtors"), and interim chapter 7 trustee to the debtors and affiliated debtors listed on **Exhibit B** attached hereto (the "Election Request Debtors") hereby replies (the "Reply") to U.S. Bank's omnibus limited objection and reservation of rights (the "Limited Objection") to the Motion[2] and the Applications. In further support of this Reply, the Trustee respectfully states as follows.

## Reply

1. Mr. Miller conducted and concluded § 341 meetings for 50 of the Debtors becoming the permanent trustee for those Debtors. Mr. Miller remains the interim trustee for 6

---

[1] The list of affiliated Debtors is set forth on Exhibits A and B attached hereto.
[2] Capitalized terms not otherwise defined herein shall have their meaning as set forth in the Limited Objection, the Motion or the Applications.

of the Debtors for which the United States Trustee presided over a disputed election; those 6 Debtors are referred to as the Disputed Election Debtors. U.S. Bank's rationale for the Limited Objection doesn't exist and there is no basis for U.S. Bank's request that the Motion and Applications be approved on an interim basis in the Debtors' cases. U.S. Bank seeks interim approval of the Motion and the Applications so that the rights of the eventual permanent trustee of the 6 Disputed Election Debtors are preserved as to all of the Debtors, even those Debtors as to which Mr. Miller is now the permanent trustee, to allow the permanent trustee of those 6 Disputed Election Debtors to modify or withdraw the relief sought in the Motion or Applications. But U.S. Bank ignores the fact that the Trustee is the permanent Trustee for the Debtors' estates listed on Exhibit A because the 11 U.S.C. § 341 meeting of creditors (the "341 Meetings") for each of the Debtors was held and concluded on August 8, 2018.

2. The election of a trustee occurs at the 341 Meeting. 11 U.S.C. § 702(b). Neither U.S. Bank nor any other party sought the election of a trustee at the 341 Meetings for the Debtors. U.S. Bank only sought the election of a trustee for the 6 Disputed Election Debtors and not for the other 50 Debtors. Thus, pursuant to 11 U.S.C. § 702(d), the Trustee is the permanent trustee for the Debtors in their respective chapter 7 cases. *See* 11 U.S.C. § 702(d) ("[i]f a trustee is not elected under this section, then the interim trustee shall serve as trustee in the case"). As the permanent trustee, the Trustee, subject to Court approval is authorized to employ and retain professionals to assist in the administration of theses chapter 7 proceedings. It also must not be overlooked that U.S. Bank acknowledges that the Trustee should be permitted to retain professionals. Limited Objection, ¶ 16.

3. Second, U.S. Bank provides an incomplete picture of the 341 Meetings in an effort to convince the Court that interim approval of the Application and Motions is appropriate in all of the Debtors' cases not just the cases of the Disputed Election Debtors. In the Limited Objection, U.S. Bank states that it "exercised its rights to elect a permanent trustee pursuant to Bankruptcy Code section 702." Limited Objection, ¶ 15. However, U.S. Bank only exercised its purported rights to elect a trustee with respect to the 6 debtors that comprise the Election Request Debtors. *See Report of Disputed Election of Chapter 7 Trustee Submitted by United States Trustee* [D.I. 167] (the "Election Report"). As stated in the Election Report, the Court has to resolve whether the Trustee or U.S. Bank's designated trustee will serve as the permanent trustee for the Disputed Election Debtors.

4. Finally, U.S. Bank argues in Paragraph 17 of its Limited Objection that interim approval is necessary to preserve the right of the permanent trustee elected in the Disputed Election Debtors to seek to jointly administer those cases with the Debtors' cases pursuant to Bankruptcy Rule 2009(a). Rule 2009(a) provides that "if the court orders joint administration of two or more estates under Rule 1015(b), creditors may elect a single trustee for the estates being jointly administered…" Fed. R. Bankr. P. 2009(a). However, pursuant to § 702, trustee elections occur at the 341 Meetings. The Debtors' 341 Meetings were held and concluded and no creditor sought to elect a trustee for the Debtors. U.S. Bank, if successful in having its proposed trustee elected, will likely then seek a backdoor election by moving to jointly administer the Disputed Election Debtors' cases with the Debtors' cases, and arguing that the permanent trustee of the 6 Disputed Election Debtors should also be the permanent trustee of the 50 Debtors. In sum, U.S. Bank is proposing to use Rule 2009(a) to hold a second trustee election

despite the fact that neither it nor any other creditor sought the election of a trustee at the Debtors' 341 meetings. Such a result should be rejected because it would pervert the process governing trustee elections as it would ignore the plain meaning of § 702 which governs the election of trustees at the § 341 meeting of creditors.

### Reservation of Rights

The Trustee expressly reserves his right to amend, modify or supplement this Reply and preserves any and all rights and defenses to respond to U.S. Bank's motion to resolve the Disputed Elections.

*[remainder of page intentionally left blank]*

**<u>Conclusion</u>**

For the foregoing reasons, the Trustee respectfully requests that this Court enter orders approving the Application and Motions in the Debtors' cases and for such other relief as is just and proper.

Dated:  August 21, 2018	PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Bradford J. Sandler (DE Bar No. 4142)
John A. Morris (NY Bar No. 2405397)
Colin R. Robinson (DE Bar No. 5524)
919 N. Market Street, 17th Floor
P O Box 8705
Wilmington, DE  19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:     bsandler@pszjlaw.com
           jmorris@pszjlaw.com
           crobinson@pszjlaw.com

[Proposed] Counsel to George L. Miller, Chapter 7 Trustee